UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR LAFOSSE,<br><br>  Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK, JOHN DOE #1 and JOHN DOE #2,<br><br>  Defendants. | **COMPLAINT**<br><br>Index No. 1:20-cv-9684 |

Plaintiff Hector LaFosse, by his attorneys at Rickner PLLC, alleges the following against the City of New York and John Does #1 and #2:

### NATURE OF THE CASE

1. This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws of the State and New York.

2. Plaintiff suffered multiple gunshot wounds from an unknown assailant. After he was released from the hospital, NYPD officers dragged him down a flight of stairs, exacerbating his injuries and causing new ones. He spent weeks of extra time in the hospital as a result, and suffered needless pain. He now brings suit.

### JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United

1

States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Plaintiff's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

5. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all New York state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

7. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim on November 18, 2019 with the New York City Comptroller and the Comptroller designated the claim as number 2019PI00061539.

8. Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on October 21, 2020.

9. Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

10. Venue is properly laid in the Southern District of New York because the Plaintiff's claims arose in New York County.

11. Plaintiff demands trial by jury.

## PARTIES

12.     Plaintiff is, and was at all times relevant to this action, a resident of New York County in the State of New York.

13.     Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

14.     Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

15.     Defendant John Doe #1 (Shield No. Unknown) (hereinafter "Doe #1") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment He is sued in an individual capacity. Doe #1 is black, muscular, and wore a suit indicating he was likely a detective.

16.     The true name and shield number of Defendant Doe #1 is not currently known to the Plaintiff. However, he is an employee or agent of the NYPD. Accordingly, he is entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law§ 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intends to name said officer as a defendant in an amended pleading once the true name and shield number is known and (b) that the Law Department should immediately begin preparing Doe #1's defense in this action.

17.     Defendant John Doe #2 (Shield No. Unknown) (hereinafter "Doe #2") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all

relevant times described herein he was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment He is sued in an individual capacity. Doe #2 is black, skinnier than Doe #1, is slightly taller than Doe #1, and wore a suit indicating he was likely a detective.

18. The true name and shield number of Defendant Doe #2 is not currently known to the Plaintiff. However, he is an employee or agent of the NYPD. Accordingly, he is entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law§ 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intends to name said officer as a defendant in an amended pleading once the true name and shield number is known and (b) that the Law Department should immediately begin preparing Doe #2's defense in this action.

19. Through counsel, Plaintiff has attempted to ascertain the identities through a Freedom of Information Law request, but no response has been received.

20. Plaintiff remembers one of the officers having a partial or possibly complete badge number 1350.

21. Doe #1 and Doe #2 are referred to herein as the "Individual Defendants".

## FACTS COMMON TO ALL CLAIMS

22. Plaintiff was shot in the abdomen and both thighs on or about August 13, 2019 while he was standing on the street in Harlem.

23. Plaintiff was taken to New York Presbyterian, where it was determined he had an open warrant.

24. Plaintiff was placed into custody while at New York Presbyterian.

25. On August 20, 2020, the Individual Defendants picked Plaintiff up at New York Presbyterian. He had been cleared to leave the hospital and was considered healthy enough to be held at a New York City Department of Correction facility, such as the ones at Riker's Island.

26. The Individual Defendants knew that Plaintiff had been shot, and in fact Plaintiff had been complaining about his injuries.

27. The Individual Defendants took Plaintiff to 100 Centre Street.

28. While at 100 Centre Street, the Individual Defendants became irritated that Plaintiff was not moving quickly enough.

29. As a result, while Plaintiff was in handcuffs with his hands behind his back, the Individual Defendants dragged Plaintiff, facedown, down a flight of stairs, with his abdomen striking the stairs multiple times as he was dragged.

30. This attack was performed jointly, with each of the Individual Defendants holding Plaintiff and dragging him.

31. When Plaintiff arrived at Manhattan Detention Center he started bleeding internally and swelling due to his injuries. He was taken to Bellevue Hospital where he was readmitted and spent several more weeks in treatment.

32. The doctors at Bellevue Hospital discovered a traumatic laceration to Plaintiff's kidney as a result of the trauma, among many other injuries.

33. After leaving Bellevue Hospital in September, Plaintiff had to spend several more weeks at the infirmary at Riker's Island.

34. The Individual Defendants' actions caused additional injuries, as well as exacerbating the pre-existing gunshot wounds. Plaintiff lost a shocking about of weight because his new injuries forced him on to a liquid diet. Plaintiff also was in substantial pain

**FIRST CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS**

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

36. The Individual Defendants used physical force against Plaintiff.

37. The Individual Defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

38. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

39. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

40. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

**SECOND CLAIM FOR RELIEF: UNREASONABLE CONDITIONS OF CONFINEMENT UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS**

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

42. The Individual Defendants had custody of Plaintiff at 100 Centre Street.

43. Under the Fourth Amendment to the United States Constitution, all seizures and confinement must be reasonable. The circumstances of Plaintiff's confinement were not.

44. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

45. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

46. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

### THIRD CLAIM FOR RELIEF:
### DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

48. Under the Fourteenth Amendment to the United States Constitution, Plaintiff could not be subjected to punishment absent due process.

49. The acts of the Individual Defendants were performed without any due process and were objectively unreasonable.

50. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of due process guaranteed under the Fourteenth Amendment to the United States Constitution, and the Individual Defendants are therefore is liable to Plaintiff for damages under 42 U.S.C. § 1983.

51. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries

52. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## FOURTH CLAIM FOR RELIEF:
### FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. The Individual Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so.

55. The Individual Defendants thereby displayed deliberate indifference to Plaintiffs rights, including Plaintiffs right to be free from unreasonable and unlawful searches and seizures.

56. The Individual Defendants also Defendants agreed among themselves and with other individuals to act in concert and thus conspired to deprive Plaintiff of clearly established civil rights.

57. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

58. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

59. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## FIFTH CLAIM FOR RELIEF:
## ASSAULT AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. The Individual Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

62. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

63. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

64. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## SIXTH CLAIM FOR RELIEF:
## BATTERY AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. The Individual Defendants intentionally, willfully and maliciously battered Plaintiff, when they dragged him down a flight of stairs with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and thus caused such battery.

67. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

68. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

69. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### SEVENTH CLAIM FOR RELIEF: VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

71. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

   i. freedom from unreasonable search and seizure of her person and property;
   ii. freedom from deprivation without due process of law.

72. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, .

73. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

74. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

75. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
November 17, 2020

Rickner PLLC

By:     /s/

Rob Rickner

233 Broadway Suite 2220
New York, New York 10279
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*