UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR LAFOSSE,<br><br>　　　　　Plaintiff,<br><br>　　　-against-<br><br>CITY OF NEW YORK, DETECTIVE DARREN BRUCE, DETECTIVE KEVIN CLARKE, JOHN DOE #1 and JOHN DOE #2,<br><br>　　　　　Defendants. | AMENDED COMPLAINT<br><br>Index No. 1:20-cv-9684 |

　　　　Plaintiff Hector LaFosse, by his attorneys at Rickner PLLC, alleges the following against the City of New York, Detective Darren Bruce, Detective Kevin Clarke, and John Does #1 and #2:

**NATURE OF THE CASE**

　　　　1.　　This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws of the State and New York.

　　　　2.　　Plaintiff suffered multiple gunshot wounds from an unknown assailant. After he was released from the hospital, NYPD officers dragged him down a flight of stairs, exacerbating his injuries and causing new ones. He spent weeks of extra time in the hospital as a result, and suffered needless pain. And when he went to Riker's Island, they refused him a liquid diet, despite a prescription, and he ended up in the hospital two more times. He now brings suit.

1

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws of the State and New York.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Plaintiff's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

5. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all New York state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

7. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim on November 18, 2019 with the New York City Comptroller and the Comptroller designated the claim as number 2019PI00061539.

8. Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on October 21, 2020.

9. Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

10. Venue is properly laid in the Southern District of New York because the Plaintiff's claims arose in New York County.

11. Plaintiff demands trial by jury.

## PARTIES

12. Plaintiff is, and was at all times relevant to this action, a resident of New York County in the State of New York.

13. Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

14. Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

15. Defendant Detective Darren Bruce, Shield (Shield No. 1290) (hereinafter "Bruce") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment He is sued in an individual capacity.

16. Defendant Detective Kevin Clarke (Shield No. 4751) (hereinafter "Clarke") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment He is sued in an individual capacity.

17. Bruce and Clarke are referred to herein as the "Individual Officer Defendants".

18. Defendants John Doe #1 and John Doe #2 are unknown individuals at Riker's Island who received the complaints from Plaintiff regarding his need for a liquid diet. John Doe #1 and John Doe #2 are referred to herein as the "Unknown Riker's Defendants".

## FACTS COMMON TO ALL CLAIMS

19. Plaintiff was shot in the abdomen and both thighs on or about August 13, 2019 while he was standing on the street in Harlem.

20. Plaintiff was taken to New York Presbyterian, where it was determined he had an open warrant.

21. Plaintiff was placed into custody while at New York Presbyterian.

22. On August 20, 2019, the Individual Officer Defendants picked Plaintiff up at New York Presbyterian. He had been cleared to leave the hospital and was considered healthy enough to be held at a New York City Department of Correction facility, such as the ones at Riker's Island.

23. The Individual Officer Defendants knew that Plaintiff had been shot, and in fact Plaintiff had been complaining about his injuries.

24. The Individual Officer Defendants took Plaintiff to 100 Centre Street.

25. While at 100 Centre Street, the Individual Officer Defendants became irritated that Plaintiff was not moving quickly enough.

26. As a result, while Plaintiff was in handcuffs with his hands behind his back, the Individual Officer Defendants dragged Plaintiff, facedown, down a flight of stairs, with his abdomen striking the stairs multiple times as he was dragged.

27. This attack was performed jointly, with each of the Individual Officer Defendants holding Plaintiff and dragging him.

28. When Plaintiff arrived at Manhattan Detention Center he started bleeding internally and swelling due to his injuries. He was taken to Bellevue Hospital where he was readmitted and spent several more weeks in treatment.

29. The doctors at Bellevue Hospital discovered a traumatic laceration to Plaintiff's kidney as a result of the trauma, among many other injuries.

30. After leaving Bellevue Hospital in September, Plaintiff had to spend several more weeks at the infirmary at Riker's Island.

31. The Individual Officer Defendants' actions caused additional injuries, as well as exacerbating the pre-existing gunshot wounds. Plaintiff lost a shocking about of weight because his new injuries forced him on to a liquid diet. Plaintiff also was in substantial pain.

32. On September 9, 2019, Plaintiff was released from Bellevue Hospital and taken to Riker's Island. He was prescribed a fully liquid diet.

33. Unfortunately, at Riker's Island, Plaintiff was not given a liquid diet. Plaintiff complained, through the grievance procedure and through calls to 311, to no avail. These complaints were received by the Unknown Riker's Defendants and they did nothing in response to rectify the problem.

34. He was starving and had to eat solid food. This made him extremely sick. He was in terrible pain and vomited almost 20 times over the course of two days.

35. Finally, he was readmitted to Bellevue Hospital, until September 17, 2019, due to the injuries caused by the failure to give him his prescribed diet. He left Bellevue Hospital with a prescription for a full liquid diet, for 4 weeks.

36. But when Plaintiff returned to Riker's Island, he still was not given a liquid diet. Instead they gave him softer solid foods and milk, even though he was supposed to get Ensure, or some other food that was liquid and contained all the necessary nutrients.

37. Again, Plaintiff complained to staff at Riker's Island, and made 311 calls, regarding the failure to give him his prescribed diet. These complaints were received by the Unknown Riker's Defendants and they did nothing in response to rectify the problem.

38. As a result of this failure to give him his prescribed diet, Plaintiff was in horrible pain that eventually became so bad the staff at Riker's Island agreed to take him back to Bellevue Hospital, on September 26, 2019.

39. He was released back to Riker's Island on September 27, 2019. He was still not given his proper diet, over his complaints to the Unknown Riker's Defendants, but the pain and injury were not so bad as to require another trip to the emergency room.

40. When counsel attempted to obtain medical records from Riker's Island, through Correctional Health Services, the firm was told that there were no medical records. Either this is a lie, or the staff at Riker's Island have admitted that they actually denied Plaintiff medical care for his multiple gunshot wounds, and denied Plaintiff medical care for his ongoing medical issues.

**FIRST CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL OFFICER DEFENDANTS**

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

42. The Individual Officer Defendants used physical force against Plaintiff.

43. The Individual Officer Defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

44. That by virtue of the aforementioned acts by the Individual Officer Defendants, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

45. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

46. As a result of the above unconstitutional conduct, the Individual Officer Defendants are liable for punitive damages.

**SECOND CLAIM FOR RELIEF:**
**UNREASONABLE CONDITIONS OF CONFINEMENT**
**UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL OFFICER DEFENDANTS AND THE**
**UNKNOWN RIKER'S DEFENDANTS**

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

48. The Individual Defendants had custody of Plaintiff at 100 Centre Street.

49. Under the Fourth Amendment to the United States Constitution, all seizures and confinement must be reasonable. The circumstances of Plaintiff's confinement were not.

50. That by virtue of the aforementioned acts, by the Individual Officer Defendants and the Unknown Riker's Defendants, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

51. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

52. As a result of the above unconstitutional conduct, the Individual Officer Defendants and Unknown Riker's Defendants are liable for punitive damages.

### THIRD CLAIM FOR RELIEF:
### DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL OFFICER DEFENDANTS AND THE
### UNKNOWN RIKER'S DEFENDANTS

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. Under the Fourteenth Amendment to the United States Constitution, Plaintiff could not be subjected to punishment absent due process.

55. The acts of the Individual Officer Defendants and Unknown Riker's Defendants were performed without any due process and were objectively unreasonable.

56. That by virtue of the aforementioned acts by the Individual Officer Defendants and Unknown Riker's Defendants, Plaintiff was deprived of due process guaranteed under the Fourteenth Amendment to the United States Constitution, and the Individual Defendants are therefore is liable to Plaintiff for damages under 42 U.S.C. § 1983.

57. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries

58. As a result of the above unconstitutional conduct, the Individual Officer Defendants and Unknown Riker's Defendants are liable for punitive damages.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL OFFICER DEFENDANTS AND THE**
**UNKNOWN RIKER'S DEFENDANTS**

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

60. The Individual Officer Defendants and Unknown Riker's Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so.

61. The Individual Officer Defendants and Unknown Riker's Defendants thereby displayed deliberate indifference to Plaintiffs rights, including Plaintiffs right to be free from unreasonable and unlawful searches and seizures.

62. The Individual Officer Defendants and Unknown Riker's Defendants agreed among themselves and with other individuals to act in concert and thus conspired to deprive Plaintiff of clearly established civil rights.

63. That by virtue of the aforementioned acts by the Individual Officer Defendants and Unknown Riker's Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

64. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

65. As a result of the above unconstitutional conduct, the Individual Officer Defendants and Unknown Riker's Defendants are liable for punitive damages.

### FIFTH CLAIM FOR RELIEF:
### ASSAULT AGAINST THE INDIVIDUAL OFFICER DEFENDANTS
### AND THE CITY OF NEW YORK

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

67. The Individual Officer Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

68. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

69. As a result of the above unconstitutional conduct, the Individual Officer Defendants are liable for punitive damages.

70. The City of New York is liable for the conduct of the Individual Officer Defendants and any damages they caused under the doctrine of *respondeat superior*.

### SIXTH CLAIM FOR RELIEF:
### BATTERY AGAINST THE INDIVIDUAL OFFICER DEFENDANTS
### AND THE CITY OF NEW YORK

71. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

72. The Individual Officer Defendants intentionally, willfully and maliciously battered Plaintiff, when they dragged him down a flight of stairs with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and thus caused such battery.

73. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

74. As a result of the above unconstitutional conduct, the Individual Officer Defendants are liable for punitive damages.

75. The City of New York is liable for the conduct of the Individual Officer Defendants and any damages they caused under the doctrine of *respondeat superior*.

**SEVENTH CLAIM FOR RELIEF:**
**VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE**
**CONSTITUTION AGAINST THE INDIVIDUAL OFFICER**
**DEFENDANTS AND THE CITY OF NEW YORK**

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

   i. freedom from unreasonable search and seizure of her person and property;
   ii. freedom from deprivation without due process of law.

78. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, .

79. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

80. As a result of the above unconstitutional conduct, the Individual Officer Defendants are liable for punitive damages.

81. The City of New York is liable for the conduct of the Individual Officer Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       July 9, 2021

Rickner PLLC

By:      /s/

      Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*